### THE STATE OF CONNECTICUT *against* BENHAM:

#### IN ERROR.

The having in one's possession several forged bank notes of different banks, at one time, with intent to pass them, and thereby to defraud the person who shall take them, constitutes but one offence.

And if there be several informations, charging, that the several bills so held in possession, were held with intent to defraud the several banks, by which they were issued, as well as the person who should take them, there is still but one offence charged.

A verdict of *guilty,* on which judgment impends, on one such information, is a bar to a subsequent information, founded on the possession of any part of the same parcel of bills.

THIS was an information, charging the prisoner, *Amos Benham,* with having in his possession, on the 26th of *December,* 1828, a forged bank note or bill of the *Troy Bank,* with intention to alter and pass the same, and with intention to defraud the said *Bank of Troy,* and also him or them to whom he should utter or pass the same, knowing it to be forged.

To this information the prisoner pleaded a former information filed against him, at the same term, for having in his possession a bank note of the *Mechanics' Bank* in the city of *New-York,* with intent to utter and pass the same, and with intent

to defraud the said *Mechanics' Bank,* and also him or them to whom he should pass the same ; upon which last information, the plea averred, trial had been had, the prisoner had been found *guilty,* and judgment thereon impends.   The plea also averred, that the offence charged in the information, upon which the prisoner had been convicted, is the same offence wherewith he is charged in the present information ; and that the said bank note specified in that information, was held, by the prisoner, on said 26th day of *December,* 1828, at the same time and place, and with the same intent, and with the same knowledge of its being forged ; and that it was in the same parcel, and was finally taken, at the same time, from his possession, and was never, at any different time, in his possession.

To this plea there was a demurrer.   The court adjudged the plea sufficient ; and to revise that decision, the attorney for the state, by motion in error, brought the case before this Court.

*N. Smith* and *S. H. Miner,* for the plaintiff in error, contended, 1. That the having in one's possession the bills of different banks, with intent to defraud different institutions, constituted distinct offences, although such bills were contained in the same parcel, and were possessed, by the accused, at the same time and place.

2. That a former verdict finding the prisoner guilty, without any judgment thereon, is not a bar.

*Sherman* and *Betts,* for the defendant in error, insisted, 1. That the act of possessing one parcel of bills, at the same time, with intention to pass the same, and thereby to defraud any person or corporation, was an indivisible act, and constituted but one offence.   Both informations contain an averment, that the prisoner possessed the bill with intention to defraud him or them to whom he should pass the same.   This lays a sufficient foundation for the averment in the plea, that the intent, in both cases, was the same.   The demurrer admits the truth of this averment, if it can be true, consistently with the other matters disclosed.   What is said of an intent to defraud the several banks, may be rejected as superfluous.   This is then precisely analogous to the case of a person's *stealing* several bills, or pieces of coin, or articles of property, at the same time, and by the same act.   It will not be claimed, that such an act would constitute more than one offence.

2. That where a person has once been *convicted* of an offence,

*Fairfield,*
June, 1829.

State,
*v.*
Benham.

whether judgment has been actually rendered or still impends, he cannot be tried again for the same offence. The principle is, that no man shall be *in peril* more than once for the same offence. 1 *Chitt. C. L.* 368.

WILLIAMS, J. The statute, upon which this information is founded, enacts : " That if any person shall have in possession, or receive from any other person, any forged or counterfeited promissory note or bill, for the payment of money, with intention to utter or pass the same, or to permit, cause or procure the same to be uttered or passed, with intention to defraud any person, or body politic or corporate, knowing the same to be forged or counterfeited; every such person, so offending, being thereof duly convicted, shall suffer imprisonment," &c. *Stat.* 157. *tit.* 22. *s.* 35. The prisoner had in his possession, at one time, several bank notes or bills of different banks, which were taken from him at one time. He has been tried for having one of them in his possession, and convicted ; and the question now is, whether he can be again tried and convicted for possessing each of the other notes of the different banks, which he had at that time : In other words, is the possession of each bill or note, holden at one and the same time, a distinct offence, and punishable as a distinct crime ?

Until the late revision of our statutes, it was not punishable by statute, to have in one's possession forged notes or counterfeited coin. The offence consisted in uttering or putting them off. Now the possession is punishable in the same manner as the offence of uttering them is. But it cannot be supposed, that the legislature intended to punish the offence of possessing such bills or notes, or coin, more severely than the crime of putting them off; or that they should punish the man, who barely intended to defraud, but had not yet offered to, more severely than the one, who had put that intent into execution. And if *Benham* had put off these two notes to one person, at one time, it cannot be claimed, that he could be convicted of more than one offence. And yet it is claimed, that having them in his possession, although he has never offered to put them off, he may be punished for more than one offence.

In support of this, it is said, that the notes are issued by different banks, and the intent charged is, to defraud the two different banks specified, *viz.* the *Troy Bank* and the *Mechanics' Bank,* as well as the persons to whom the notes might be put

off. If a charge of defrauding the several banks constitutes two distinct offences, then the offence of uttering these two notes to the same person, at the same time, would be two offences ; because the intent might properly be charged as an intent to defraud each of the banks, as well as the persons to whom they were put off.

But, as in that case, the putting off a note, with intent to defraud the persons to whom it was put off, would be sufficient to convict, whether there was any attempt to defraud the bank or not, as was recently decided in *England*, by the twelve judges; so in this case, as it is charged in both informations, that the intention was to defraud the persons to whom the notes might be put off, *that* would be sufficient to justify the conviction ; and all that is necessary to constitute the identity of the offence, is, that the same evidence would convict. Here the same evidence of possession exists in both cases;—the same general attempt to defraud the persons to whom they may be passed. The act of possessing the several notes, then, must be one and the same offence, as much as the act of stealing a number of articles, at the same time and place.

It was admitted in argument, that he who had counterfeit coins in his possession, could not, under the 32nd section, be punished as for distinct offences, for each piece of counterfeit coin he might have. The offence is, certainly, of the same character with this ; and it is difficult to believe, that the legislature intended to punish them in so different a manner. It is true, that in that section the statute speaks of gold and silver *coins ;* but it will hardly be contended, that if a person has a single counterfeit eagle in his possession, with intent to pass it, knowing that it is counterfeit, he is not within the statute. The difference in phraseology, therefore, it is believed, will make no difference in the construction. The object of the legislature, in both cases, is to prevent a person from altering or having in his possession base money. And it has been decided, that a person indicted for stealing nine one-pound notes, may be convicted upon proof of stealing only one. *Rex* v. *Johnson*, 3 *Mau. & Selw.* 539. 548. *Rex* v. *Clark*, 1 *Brod. & Bing.* 473. There the substance of the offence is stealing notes : here the substance of the offence is having in possession counterfeit bills or notes. The number may add to the evidence of guilt, but not to the number of the offences. In an action for the penalty for insuring tickets in the lottery, where ten tickets were

*Fairfield,*
June, 1829.

State
*v.*
Benham.

insured at one and the same time, Lord *Kenyon* held, that but one penalty could be recovered. *Holland* q. t. v. *Duffin, Peake's Ca.* 58.

This information might have specified each note, which the prisoner had in his possession, as was done in several cases cited in *The King* v. *Sutton, Ca. tem. Hardw.* 372. Had that been done, it would hardly be claimed, that there could have been several punishments. The offence, then, is one and the same offence.

Another objection was made to this plea, but not much insisted on, that if this is the same offence, it is not pleaded so as to avail the defendant. The plea is, that a verdict was rendered, and judgment now impends. And here it must be admitted, that a previous acquittal, conviction or attainder, is a good bar ; but what shall be the evidence of such conviction, is the enquiry.

That a person had been *arraigned* for the same offence, was early held to be no bar to a subsequent indictment. *Withipole's* case, *Cro. Car.* 147. Nor that a *nolle prosequi* had been entered by the attorney for the government. *Commonwealth* v. *Wheeler* & al. 2 *Mass. Rep.* 272. Nor that the jury had been discharged, at the request of the prisoner. *Rex* v. *Kinlock,* 1 *Wils.* 157. Nor even where the jury have been discharged because they could not agree, without consent of the prisoner. *State* v. *Woodruff,* 2 *Day,* 504. *The People* v. *Olcott,* 2 *Johns. Ca.* 301. Nor can the *pendency* of another indictment be pleaded in abatement, as it may in case of a prosecution for a penalty. *Rex* v. *Stratton, Doug.* 240. *Regina* v. *Goddard* & al. 2 *Ld. Raym.* 920. S. C. 3 *Salk.* 171. Nor can a conviction or an acquittal be pleaded, if the former indictment was not sufficient to authorize punishment, if a conviction had ensued. *The King* v. *Taylor,* 3 *B. & C.* 502. 4 *Co.* 45. 1 *Chitt. Cr. L.* 462. And it has been said, that if the defendant remains after conviction, without requesting judgment, or praying for clergy, he could not plead such conviction to a new indictment. 2 *Hale's P. C.* 252. *Stark. C. L.* 364.

That no one, however, shall be put in jeopardy twice for the same offence, is a universal maxim,(4 *Bla. Comm.* 329.) thought worthy to be incorporated, to a certain extent, into the constitution of the *United States.* And that an acquittal or conviction, by a court having jurisdiction, on a sufficient indictment

or information, is, in all cases whatsoever, a bar, is equally clear. 2 *Hawk. P. C. b.* 2. *c.* 30. *s.* 1. 2 *Leon.* 161. Still the question returns, what is sufficient evidence ? Is it the verdict, or the verdict and judgment ? It is said by *Chitty,* that there must be a legal acquittal by judgment upon trial, by verdict of a petty jury or by battle. 1 *Chitt. C. L.* 457. *Tucker,* in his notes to *Blackstone,* says ; the plea must state the indictment, arraignment, plea and judgment *legitimo modo.* 4 *Bla. Comm.* 336. by *Tucker.* And in the forms of pleading, a judgment is set out, or that the defendant has had his clergy. *Stark. C. L.* 352. And the general rule certainly is, that a verdict without a judgment is not evidence, as it may be arrested. The record of the judgment, therefore, must be adduced, to exclude a witness. *Swift's Ev.* 18. 1 *Stark. Ev.* 183. 246. 2 *Stark. Ev.* 716. *Lee* v. *Gansel, Cowp.* 3. *The Commonwealth* v. *Green,* 17 *Mass. Rep.* 537. So proof of conviction of the principal, on the trial of the accessory, must be by judgment upon a verdict or confession, or by outlawry. 4 *Co.* 43. *Goff* v. *Byby* & al. *Cro. Eliz.* 540.

On the other hand, it is said, in 4 *Bla. Comm.* 335. that when one is found *not guilty,* on an indictment or other prosecution, he may plead such acquittal in bar of any subsequent prosecution. And an acquittal has been held sufficient to entitle bail to their discharge before judgment is entered. *Rex* v. *Spenser,* 1 *Wils.* 315. And in the case of *The Queen* v. *Goddard,* 2 *Ld. Raym.* 921. S. C. 3 *Salk.* 172. *Holt,* Ch. J. says, that another indictment pending could not be pleaded in abatement, even after the accused had been found guilty upon it, but it must be pleaded in bar. And Judge *Dane,* after citing an authority to shew, that a judgment is necessary, makes a *quære ;* for, says he, when the defendant has once stood trial for his life, he has been clearly once in jeopardy, though there has been no judgment or clergy. 6 *Dane's Abr.* 531. And in *Brooke's* case, 4 *Co.* 40. after verdict of *guilty,* on an appeal and motion in arrest, on an indictment at the suit of the king, it was claimed, that the defendant could not be charged again, and it was resolved, that " if the count had been sufficient, then being convicted at the suit of the party, he should not be again convicted at the suit of the king :" and the same principle is recognized, in *Vaux's* case, 4 *Co.* 45. 1 *Chitt. C. L.* 462. 464. & seq.. Had not a verdict been sufficient, it is not easy to see how the sufficiency of the count came to be considered. And in *Withipole's* case, *Cro. Car.* 147. the court

*Fairfield,*
June, 1829.

State
*v.*
Benham.

quashed one of two indictments, lest the prisoner should be questioned on both.    And in *Rex* v. *Kinlock*, 1 *Wils.* 157. *Wright,* J., against the other Judges, held, that to call a new jury would be to put the prisoner twice in jeopardy, although the former jury was discharged at his request ; and upon report thereof, the prisoner was pardoned.

An accessory may be put on trial before judgment against the principal, but cannot be sentenced until after jndgment against the principal ; as in the recent case of *Elsie Whipple,* 9 *Cowen* 707. And in a civil case, where a judgment was not rendered, but a verdict taken before a justice, was pleaded in bar, it was held a valid bar, as the justice could not arrest the judgment, or grant a new trial. *Felter* v. *Mulliner,* 2 *Johns. Rep.* 181.

When, then, we consider the extreme jealousy, which the common law evinces on this subject, supported by the provisions of the constitution ; when we find no case where a prosecution has been sustained after verdict upon a sufficient count ; and amidst so much doubt whether the legal principle as to the necessity of a judgment, has been extended to cases of this kind ; when we further find, that both these prosecutions are in the same court, and no claim is made that judgment cannot be rendered upon the first verdict, I think the more correct rule to adopt is, that under such circumstances, a second information ought not to be supported, although judgment had not been actually entered upon the first, at the time of pleading.

I would, therefore, affirm the judgment of the superior court.

The other Judges were of the same opinion ; PETERS, J. doubting.

Judgment affirmed.