STATE OF CONNECTICUT *v.* PHILIP LANGLEY

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued June 6—decided June 25, 1968

*Igor I. Sikorsky, Jr.,* special public defender, for the appellant (defendant).

*Joseph T. Gormley, Jr.,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

ALCORN, J. The defendant has taken this appeal from a judgment and sentence of the Superior Court, claiming that he has been subjected to double jeopardy in violation of that provision in the fifth amendment to the constitution of the United States which, he claims, is made obligatory on the states through the fourteenth amendment.

The defendant was convicted by a jury of the crimes of rape and robbery with violence in a trial in which he was represented by the public defender. On March 14, 1961, he was sentenced to serve not less than twelve nor more than fifteen years for the crime of rape and one year for the crime of robbery with violence. Thereafter he applied, pursuant to § 51-195 of the General Statutes, for a review of his sentence by the review division of the Superior Court. Although he was indigent, he was not represented by counsel at the hearing on this application and was not informed of his right to be represented by court-appointed counsel. The review division affirmed the sentence for rape and increased the sentence for robbery with violence from one year to five years. As required by § 51-196 of the General Statutes, the Superior Court, on June 23, 1961, then resentenced the defendant as ordered by the review division, the sentence to be effective as of March

14, 1961, the date of the original sentence. Thereafter, in a habeas corpus action, the Superior Court concluded that the proceedings before the review division were in violation of the constitution of the United States because the defendant, an indigent, had not had the benefit of counsel in those proceedings. *Consiglio* v. *Warden,* 153 Conn. 673, 220 A.2d 269. Consequently, the court adjudged, on June 1, 1967, that the defendant be discharged from custody under the mittimus issued in conformity with the sentence imposed in June, 1961, unless that judgment and sentence was vacated and the original judgment and sentence of March 14, 1961, was reinstated, the defendant then again to have the right to seek a review of the reinstated sentence pursuant to General Statutes § 51-195 with the aid of counsel. On June 13, 1967, in accordance with that judgment, the Superior Court vacated and set aside its judgment and sentence of June, 1961, and reinstated the original judgment and sentence, effective as of March 14, 1961, the original date thereof. The procedures were thus strictly in accordance with those prescribed by this court in *Consiglio* v. *Warden,* supra, 679. It is the judgment and sentence of June 13, 1967, which is the subject of this appeal.

The constitution of Connecticut has never contained a provision against double jeopardy such as that found in article five of the amendments to the constitution of the United States. Conn. Const. 1965, art. I; *Kohlfuss* v. *Warden,* 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235; *State* v. *Palko,* 122 Conn. 529, 538, 191 A. 320; *State* v. *Muolo,* 118 Conn. 373, 381, 172 A. 875. Nevertheless, this court has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the

same offense. *State* v. *Woodruff,* 2 Day 504, 507; *State* v. *Benham,* 7 Conn. 414, 418; *State* v. *Garvey,* 42 Conn. 232, 233. "This maxim is based upon a principle common to all systems of jurisprudence, *i.e.,* the finality of judicial proceedings." *State* v. *Lee,* 65 Conn. 265, 271, 30 A. 1110. The basic rationale is so ably presented in the *Lee* case as to need no amplification here. "The end is not reached, the cause is not finished, until both the facts and the law applicable to the facts are finally determined. The principle of finality is essential; but not more essential than the principle of justice. A final settlement is not more vital than a right settlement. The adjustment of these principles in the establishment of procedure by means of which the final judgment shall not only settle the controversy but settle it in accordance with law, is determined in each jurisdiction by considerations of public policy and not by fundamental principles of jurisdrudence. The principle *nemo bis vexare pro eadem causa,* gives protection against a second judicial proceeding, and in the event of such proceeding gives to a party the right, in criminal cases, to the plea of *autrefois acquit* or *autrefois convict,* and in civil cases to the plea of *res judicata;* but the principle does not control the question whether the judgment pleaded in bar is in fact a legal and final judgment, and has no legitimate relation to the question whether existing procedure provides for correction of errors occurring in the trial." *State* v. *Lee,* supra, 272.

In short, jeopardy does not attach until established procedures for testing the legality and finality of the judgment, which, in a criminal case is the sentence, are exhausted. While that proposition, as already indicated, has long been the law of this state without the aid of constitutional provision, it has

likewise furnished the essential guideline for the federal courts in determining questions of double jeopardy under the constitution of the United States. Consequently, resentencing has repeatedly been held not to involve double jeopardy when the first sentence was, for some reason, erroneous or inconclusive. *Mathes* v. *United States,* 254 F.2d 938, 939 (9th Cir.) ; *Robinson* v. *United States,* 144 F.2d 392, 397 (6th Cir.) ; *McCleary* v. *Hudspeth,* 124 F.2d 445, 447 (10th Cir.), cert. denied, 316 U.S. 670, 62 S. Ct. 1043, 86 L. Ed. 1745; 21 Am. Jur. 2d 232, Criminal Law, § 167; see note, 97 A.L.R. 160, 162. "Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner." *King* v. *United States,* 98 F.2d 291, 296 (D.C. Cir.).

The defendant has argued that, since a mistake has been made by the review division, he must be adjudged to be a free man. The defendant in this case has suffered nothing by the proceedings beyond such problems as he may have brought upon himself pending his effort to avoid the action of the review division resulting from his own application. When the defendant received his original sentence in March, 1961, the statutes of this state accorded him the right, within thirty days, to apply for a review of that sentence. General Statutes § 51-195. He was thus afforded what was, in effect, a limited appeal for a reconsideration of the sentence imposed, and any jeopardy, so far as the sentence was concerned, was a single continuing one. *Kohlfuss* v. *Warden,* 149 Conn. 692, 697, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235. After the review division, composed of three Superior Court judges, concluded that the sentence which he sought to have reviewed was inadequate and ordered it in-

creased, the trial court had no choice but to comply, as it did. General Statutes § 51-196. When, thereafter, the defendant sought relief by habeas corpus, no further jeopardy arose. Finally, the resentencing which followed, and which is now appealed from, has restored him to his original position prior to his application to the review division, has not increased the penalty originally imposed upon him and nowise has placed him again in jeopardy for the offenses of which he was originally convicted and sentenced. " 'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' " *In re Bonner,* 151 U.S. 242, 260, 14 S. Ct. 323, 38 L. Ed. 149 (quoting from the Supreme Court of Pennsylvania in *Beale* v. *Commonwealth,* 25 Pa. St. 11, 22).

In view of the identity of the rationale of the federal courts concerning the applicability of the fifth amendment in a factual situation such as this, with the long-established principles prevailing in this court, we see no occasion for an excursion into the question presented by the defendant as to whether the double jeopardy provision of the fifth amendment of the constitution of the United States is, through the fourteenth amendment, applicable to the states.

There is no error.

In this opinion the other judges concurred.