[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 10, 1996
The defendants were arrested in separate incidents and charged with operating a motor vehicle while under the influence, in violation of General Statutes § 14-227a. Following their arrests, the defendants' motor vehicle operator's licenses were suspended after administrative hearings. The defendants now move to dismiss the pending criminal actions based on their claim that prosecution would subject them to double jeopardy and that such prosecution is therefore barred by the Connecticut State Constitution's prohibition against double jeopardy. The two cases were consolidated for purposes of argument because they involve the same counsel and raise the identical issue.
The defendants, of course, concede that, in light of State v.Hickam, 235 Conn. 614 (1995), the United States Constitution does not afford them protection against criminal prosecution based on a claim of double jeopardy. They therefore base their claim on our State Constitution, a claim not raised in Hickam.
Although the Connecticut Constitution does not contain a specific double jeopardy provision, it has long been held that Article First, Sections Eight and Nine of our Constitution CT Page 5136 incorporate those double jeopardy protections which are found in the United States Constitution. State v. Langley, 156 Conn. 598,600-01, cert. denied, 393 U.S. 1069 (1969); State v. Nixon,231 Conn. 545 (1995); State v. Colton, 234 Conn. 683, 686 (1995). Our Supreme Court has indeed concluded in some cases that certain of the protections afforded by our state Constitution are more extensive than those provided by comparable provisions of the United States Constitution, State v. Oquendo, 223 Conn. 635, 646-52
(1992); State v. Miller, 227 Conn. 363 (1993); State v.DeFusco, 224 Conn. 627 (1993), but our appellate courts have also consistently held that Connecticut's double jeopardy protections are identical to those afforded by the United States Constitution. See, State v. Adams, 38 Conn. App. 643, 654 cert. denied 235 Conn. 908 (1995); State v. Laws, 37 Conn. App. 276, 292
(1995).
Critical to the defendants' double jeopardy claim is their contention that the administrative license suspension is punishment. In State v. Hickam, supra, however, our Supreme Court decided that the purpose of the suspension provision was remedial, and not punitive. This court is not at liberty to reach a contrary conclusion. That other state courts have reached contrary conclusions about their administrative suspension statutes based on their interpretation of the United States Constitution does not support the defendant here. Our Supreme Court considered and rejected those cases in deciding Hickam,
Moreover, the defendants have cited no cases in which the appellate courts of any sister state have found that a state
constitutional provision against double jeopardy would prevent the prosecution on drunk driving charges of an individual whose license has been administratively suspended as a result of the same incident.
The defendants have thoroughly and exhaustively analyzed the history of double jeopardy litigation in this state as well as in the courts of other states and the federal system. Other than their generalized conclusion that our state constitution often provides greater protection to our citizens than do the comparably worded provisions of the United States Constitution, however, they have offered no specific support for their claim that the state constitutional ban against double jeopardy, which is not explicit but implied, is more expansive than that found in the Fifth Amendment to the United States Constitution. Under these circumstances, the analysis of the majority of our Supreme Court in State v. Hickam, supra, although limited to the United CT Page 5137 States Constitution, applies with equal force to a claim based on the Connecticut Constitution. For these reasons, the motion to dismiss in each case is denied.
SILBERT, J.