I INTRODUCTION
In addition to the facts contained in exhibits A and B, the court makes the following findings of fact. As a result of a motor vehicle accident occurring on or about December 1, 2000, the defendant, Albert J. Murphy, was charged with operating a motor vehicle while under the influence of liquor or drugs in violation of General Statutes § 14-227a and speeding in violation of General Statutes § 14-219 (a) (1). The defendant returned the infraction ticket to the centralized infraction bureau with a plea of not guilty. Subsequently, the case was transferred to the regional motor vehicle docket at the geographical area number sixteen court-house in West Hartford. On March 15, 2001, the defendant appeared before a magistrate, entered a plea of nolo contendere to traveling unreasonably fast in violation of General Statutes § 14-218a, and received a fine of $50. The state never intended to incorporate any issue or dispose of the charge of operating under the influence. That charge had been returned to the geographical area number thirteen courthouse in Enfield by virtue of a misdemeanor summons issued at the time of arrest on December 1, 2000. No motion for joinder or severance of the operating under the influence file and the infraction speeding file was made by either party, nor was any order entered by either the court in Enfield or the court in West Hartford.
The defendant now moves this court to dismiss the charge of operating under the influence in violation of § 14-227a on the grounds of double jeopardy. The issue before this court is whether the prohibition against *Page 260 
double jeopardy precludes the state from prosecuting the defendant for a violation of § 14-227a where the defendant has paid a fine for an infraction under § 14-218a arising from the same incident.
 II DISCUSSION
The fifth amendment to the constitution of the United States provides in pertinent part that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." While the Connecticut constitution lacks a similar clause, it is a well established principle of our common law "that no one shall be put in jeopardy more than once for the same offense." (Internal quotation marks omitted.)State v. Kasprzyk, 255 Conn. 186, 192, 763 A.2d 655 (2001); State v.Langley, 156 Conn. 598, 600, 244 A.2d 366 (1968), cert. denied,393 U.S. 1069, 89 S. Ct. 726, 21 L. Ed. 2d 712 (1969); Kohlfuss v.Warden, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928,83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); State v. Benham, 7 Conn. 414, 420
(1829). As our Supreme Court stated in State v. Lonergan, 213 Conn. 74, 78,566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586,110 L. Ed. 2d 267 (1990), "the due process guarantees provided by article first, § 9 of the Connecticut constitution have been held to encompass the protection against double jeopardy." The defendant has invoked these protections in moving that the charge of operating under the influence in violation of § 14-227a be dismissed. The court, therefore, will address the issue of whether further prosecutions for crimes arising from the incident on December 1, 2000, can be prosecuted.
In asserting his claim that the operating under the influence charge be dismissed, the defendant relies on Lonergan. In that case, the Connecticut Supreme Court examined the question of successive prosecutions and *Page 261 
discussed the traditional analysis set forth in Blockburger v.United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). In relying heavily on federal precedent, however, the Lonergan court applied an alternative test, called the "same evidence" test.[1] State v.Lonergan, supra, 213 Conn. 92. The "same evidence" test provides that: "[I]f the same evidence offered to prove a violation of the offense charged in the first prosecution is the sole evidence offered to prove an element of the offense charged in the second prosecution, then prosecution of the second offense is barred on double jeopardy grounds, regardless of whether either offense requires proof of a fact that the other does not." (Internal quotation marks omitted.) Id., 81.
The "same evidence" approach to determining the viability of successive prosecutions articulated by our Supreme Court in Lonergan is based primarily on United States Supreme Court authority. Specifically, theLonergan court based its holding on the underlying premise that "the Appellate Court's extension of double jeopardy protection in successive prosecution cases in excess of that offered by Blockburger is not contrary to United States Supreme Court precedent, and therefore, does not constitute reversible error." Id., 89.
In Harris v. Oklahoma, 433 U.S. 682, 97 S. Ct. 2912, 53 L. Ed. 2d 1054
(1977), and Illinois v. Vitale, 447 U.S. 410, 100 S. Ct. 2260,65 L. Ed. 2d 228 (1980), the United States Supreme Court adopted an approach in successive prosecution cases which diverged from the traditional Blockburger analysis that looked at the elements of the offenses involved in the prosecutions. That court developed the "same conduct," or "same evidence," test in determining whether a second prosecution should *Page 262 
be barred on grounds of double jeopardy. The court continued this trend in Grady v. Corbin, 495 U.S. 508, 510, 110 S. Ct. 2084, 109 L. Ed. 2d 548
(1990), and again utilized the "same conduct" test in determining that a subsequent prosecution was violative of the defendant's double jeopardy protections.
In United States v. Dixon, 509 U.S. 688, 704, 113 S. Ct. 2849,125 L. Ed. 2d 556 (1993), however, the court expressly overruled Grady, and held that "Grady was not only wrong in principle; it has already proved unstable in application." Id., 709. "Unlike Blockburger analysis, whose definition of what prevents two crimes from being the same offense . . . has deep historical roots and has been accepted in numerous precedents of this Court, Grady lacks constitutional roots." (Citation omitted; internal quotation marks omitted.) Id., 704. The court then reinstated the Blockburger test as the sole test for determining whether successive prosecutions are barred by the double jeopardy clause of the United States constitution. See id., 711-12.
Although the line of cases that provide the reasoning underlying the rationale of Lonergan has been overruled, the Connecticut courts have not yet revisited this issue. If this court were to look at the defendant's claims in a traditional Blockburger analysis, then the defendant's motion to dismiss would be denied. It is clear that prosecuting the defendant for the offense of operating under the influence in violation of § 14-227a
would require elements not contained in the speeding infraction.
This court must decide, however, whether it will apply the traditionalBlockburger approach, or the "same evidence" approach set forth inLonergan. Although Lonergan has not been overruled in Connecticut, the federal case law underlying the rationale and reasoning in Lonergan was overruled by the *Page 263 
United States Supreme Court in Dixon. Lonergan's extension of double jeopardy protection in successive prosecution cases in excess of that offered by Blockburger is now contrary to United States Supreme Court precedent.
 III CONCLUSION
This court concludes that the Blockburger analysis should be applied to the present issue and, therefore, holds that a subsequent prosecution for operating under the influence would not be barred by the double jeopardy clause. Accordingly, the court denies the defendant's motion to dismiss.