[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT (MOTION NOS. 120 AND 124)
The plaintiff moves for summary judgment on the ground that the doctrines of res judicata and collateral estoppel bar the defendant's counterclaim in that the defendant filed an identical counterclaim in federal court on which judgment was rendered in the plaintiff's favor. The plaintiff asserts that the defendant is therefore precluded from asserting the same counterclaim in this state court action. The defendant's counterclaim is, in fact, a verbatim repetition of the claims set forth in the defendant's federal counterclaim on which the jury rendered a verdict in the plaintiff's favor. Because the doctrine of "res judicata precludes state court relitigation of matters fully litigated in federal court"; McCarthy v. Warden, 213 Conn. 289, 295, 567 A.2d 1187
(1989); the plaintiff's motion for summary judgment (motion no. 120) is granted.
The defendant moves for summary judgment (motion no. 124) as to the plaintiff's entire complaint based on the doctrine of res judicata, asserting that the plaintiff's claims stem from the same transaction as that litigated and decided in the prior federal court action, and, in the alternative, that these claims could and should have been brought in that action. The plaintiff counters that the present state court claims were not fully and fairly litigated in the federal action because the operative facts underlying the pending state court action, i.e., the reasons for the plaintiff's discharge from employment, are not the same as those underlying the plaintiff's federal court action, i.e., whether the plaintiff was afforded procedural due process.
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] might have been made . . . The appropriate inquiry with respect to [claim] preclusion is whether the party had an adequateopportunity to litigate the matter in the earlier proceeding . . ." CT Page 3041 (Internal quotation marks omitted.) Connecticut National Bank v.Rytman, 241 Conn. 24, 43-44, 694 A.2d 1246 (1997).
"A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) Delahunty v.Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589, 674 A.2d 1290
(1996). The doctrine of res judicata is "based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." Id., 591.
There having been a former judgment on the merits between the same parties, the next consideration is whether the later action involves the same claim or a claim based on the same operative facts. "[W]hether the subsequent claim relates to the same cause of action is to be determined by the transactional test, which is measured by the group of facts which is claimed to have brought about an unlawful injury to the plaintiff, and which also states that [e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Internal quotation marks omitted.) Isaac v.Truck Service, Inc., 253 Conn. 416, 421, 752 A.2d 509 (2000). "In applying the transactional test, [the court] compares the complaint in the second action with the pleadings and the judgment in the earlier action." (Internal quotation marks omitted.) Norse Systems, Inc. v. TingleySystems, Inc., 49 Conn. App. 582, 597-98, 715 A.2d 807 (1998).
A comparison of the complaint in this action with the proceedings and decision in the prior federal action reveals that the plaintiff's claims in both involve different operative facts. The operative facts alleged in the plaintiff's federal claim that the defendant failed to give the plaintiff notice and the opportunity to respond to the defendant's charge of theft are different than those alleged in the plaintiff's present claim, i.e., that the defendant improperly discharged the plaintiff for making a workers' compensation claim. The federal district court judge made explicit this distinction in his charge to the jury: "If you find that the defendants did not provide the plaintiff with adequate notice or with an adequate hearing, you must find in favor of the plaintiff, evenif you find that her termination was justified . . . If you find that the defendants did provide the plaintiff with adequate notice and an adequate hearing, you must find in favor of the plaintiff, even if you are notcertain that the ultimate decision with respect to her employment wascorrect." (Emphasis added.) (Plaintiff's Exhibit C, pp. 13-14.) Further, CT Page 3042 in Otero v. Housing Authority of the City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0366854 (April 27, 2000, Skolnick, J.) (26 Conn.L.Rptr. 569), in which the defendant moved to dismiss the present action on the ground of the prior pending action doctrine, the court denied the defendant's motion, stating that "because the allegations of the complaints in the two actions do not assert the same underlying rights and are not founded on the same facts, they are not virtually alike." (Emphasis added.) For purposes of res judicata, the plaintiff's claims arise out of a different set of facts as were the basis of her claim in federal court. Thus, the plaintiff is not seeking to litigate the same claim.
Moreover, it is unlikely that the claims made in the present state court action could have been made in the federal action. In fact, Congress declared that workers' compensation actions are non-removable: "A civil action in any State court arising under the workmens' compensation laws of such State may not be removed to any district court of the United States. 28 U.S.C. § 1445 (c) (1994). "This section reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition . . . [W]orkmens' compensation cases have little real business in a federal court . . ." Trevino v. Levi Strauss Co., 197 F.3d 777, 781 (5th Cir. 1999) (holding that district court erred in denying plaintiffs' motion to remand their retaliatory discharge claim).
Because the plaintiff was not given an adequate opportunity to litigate the present claim, the defendant's motion for summary judgment (motion no. 124) is denied.
RUSH, J. CT Page 3043