STATE OF CONNECTICUT *v.* TERRENCE BOYD
(14370)

PETERS, C. J., SHEA, GLASS, COVELLO, BORDEN, BERDON
and SANTANIELLO, Js.

---

Argued January 14—decision released April 21, 1992

*Catherine C. Ziehl,* with whom was *Ernest F. Teitell,* for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom, on the brief, was *David Cohen,* senior assistant state's attorney, for the appellee (state).

PETERS, C. J. The dispositive issue in this criminal appeal is the relationship between principles of double jeopardy and the reversal of a conviction because of the insufficiency of a constitutionally mandated probable cause hearing.[1] The defendant, Terrence Boyd, was charged with and convicted of larceny in the third degree in violation of General Statutes §§ 53a-119 and

---

[1] Article first, § 8 of the Connecticut constitution, as amended, provides in pertinent part: "No person shall be held to answer for any crime, punish-

53a-124 (a) (1), burglary in the first degree in violation of General Statutes § 53a-101 (a) (2) and felony murder in violation of General Statutes § 53a-54c,[2] all in connection with the 1986 murder of Ann Viner during the burglary of her home in New Canaan. In *State* v. *Boyd,* 214 Conn. 132, 570 A.2d 1125 (1990) (*Boyd I*),

able by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law.''

The fifth amendment to the United States constitution provides in pertinent part: ''[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.''

[2] General Statutes § 53a-119 provides in pertinent part: ''A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner.''

General Statutes (Rev. to 1985) § 53a-124 provides in pertinent part: ''(a) A person is guilty of larceny in the third degree when he commits larceny as defined in section 53a-119 and: (1) The value of the property or service exceeds one thousand dollars.''

General Statutes § 53a-101 provides in pertinent part: ''(a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone.''

General Statutes § 53a-54c provides in pertinent part: ''A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.''

The defendant was also charged with, but not convicted of, larceny in the first degree in violation of General Statutes §§ 53a-119 and 53a-122 (a) (3).

this court reversed the defendant's felony murder conviction because of defects in his probable cause hearing and remanded the case for further proceedings. On remand, after a second probable cause hearing, the trial court, *Gormley, J.,* found that probable cause existed to try the defendant for the offense of felony murder with the same predicate offense of burglary for which he had been previously convicted.[3] The trial court denied the defendant's motion to dismiss the information on grounds of double jeopardy. The defendant filed an interlocutory appeal in the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023.[4] We affirm the denial of the defendant's motion.

The defendant's claim that the double jeopardy clause bars the state's subsequent efforts to prosecute him for felony murder rests on the nature of our holding in *Boyd I.* We reversed the defendant's initial conviction of felony murder because we concluded that the state, in the initial probable cause hearing, had presented insufficient admissible evidence to "warrant a person of reasonable caution to believe that the accused [had] committed the crime." (Internal quotation marks omitted.) Id., 135–36. For this reason, we further concluded, in accordance with *State* v. *McPhail,* 213 Conn. 161, 170, 567 A.2d 812 (1989), and *State* v. *Mitchell,* 200 Conn. 323, 331, 512 A.2d 140 (1986), that the trial court in *Boyd I* had lacked personal jurisdiction to try the

[3] The substitute information charged that the defendant "committed the crime of burglary and, in the course of and in furtherance of such crime, he and another participant caused the death of Ann Viner." While the state contends that the burglary charge for which the defendant was convicted is not the predicate offense to the felony murder charge, we assume the contrary for the purposes of discussing the defendant's claim on appeal.

[4] Colorable claims of double jeopardy are an exception to the general rule that appeals in criminal cases must ordinarily await the final judgment that arises from the imposition of sentence. *State* v. *Seravalli,* 189 Conn. 201, 204–205, 445 A.2d 852, cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983).

defendant for this crime.[5] The defendant did not challenge and, consequently, we did not overturn, the defendant's other convictions, because they did not depend on a valid probable cause hearing. The defendant maintains that prosecuting him for felony murder at this juncture, when he stands convicted of the predicate burglary offense, constitutes an impermissible successive prosecution. The linchpin of this argument is the defendant's contention that the reversal of his felony murder conviction due to the insufficient probable cause hearing, even at his own behest, did not continue his jeopardy in relation to that crime, nor did his successful appeal of that conviction constitute a waiver, because, in the absence of personal jurisdiction, jeopardy had never attached. We disagree.

I

"The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const., amend. V. This constitutional guarantee is applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). In addition, although the Connecticut constitution does not include a specific double jeopardy provision, this court 'has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the same offense.' *State* v. *Langley,* 156 Conn. 598,

---

[5] We decline the state's invitation to revisit our holdings in *State* v. *Mitchell,* 200 Conn. 323, 331–35, 512 A.2d 140 (1986), and its progeny. The state urges us to reinstate the defendant's conviction on the basis that those cases were wrongly decided. Our decision in *State* v. *Boyd,* 214 Conn. 132, 570 A.2d 1125 (1990), setting aside the defendant's conviction became final when we denied the state's motion for reargument en banc by order dated March 28, 1990. That judgment is the law of the case and acts as an absolute bar to a subsequent action on the same claim. *Asherman* v. *State,* 202 Conn. 429, 440, 521 A.2d 578 (1987).

600–601, 244 A.2d 366 (1968), cert. denied, 393 U.S. 1069, 89 S. Ct. 726, 21 L. Ed. 2d 712 (1969). Therefore, the due process guarantees provided by article first, § 9 of the Connecticut constitution have been held to encompass the protection against double jeopardy. *Kohlfuss* v. *Warden,* 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962)." *State* v. *Lonergan,* 213 Conn. 74, 78, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990).

The United States Supreme Court has explained that the guarantees of the double jeopardy clause are threefold: "[1] It protects against a second prosecution for the same offense after acquittal. [2] It protects against a second prosecution for the same offense after conviction. [3] And it protects against multiple punishments for the same offense." *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969); *State* v. *Lonergan,* supra, 79. Only the second guarantee is relevant to the present inquiry.

For purposes of the second guarantee, first degree burglary, when it is the predicate offense to felony murder, constitutes the "same offense" as felony murder. *State* v. *Greco,* 216 Conn. 282, 291, 579 A.2d 84 (1990). While the state may prosecute and punish a defendant for felony murder as well as any predicate offenses in the same trial; id. (simultaneous prosecution for robbery, burglary and felony murder);[6] double jeopardy bars such prosecutions in successive trials. *Stephens* v. *Zant,* 631 F.2d 397, 401 (5th Cir. 1980), modified, 648

---

[6] In *State* v. *Greco,* 216 Conn. 282, 293, 579 A.2d 84 (1990), we were addressing the issue of cumulative punishment for the greater offense of felony murder as well as the lesser included offenses of robbery and burglary. We concluded that "the legislature clearly intended multiple punishments for felony murder· and the predicate offenses of robbery and burglary." Id. Implicit in our holding in *Greco* is that a defendant may be prosecuted for felony murder and any predicate offenses at a single trial.

F.2d 446 (5th Cir.), cert. denied, 454 U.S. 1035, 102 S. Ct. 575, 70 L. Ed. 2d 480 (1981), rev'd on other grounds, 462 U.S. 862, 103 S. Ct. 2733, 77 L. Ed. 2d 235 (1983); see *Brown* v. *Ohio,* 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) (holding that the fifth amendment "forbids successive prosecution and cumulative punishment for a greater and lesser included offense").[7] Consequently, it would ordinarily violate principles of double jeopardy to try a defendant for the predicate crime of burglary and then, in a successive prosecution, try him for felony murder.

Not every successive prosecution for the same offense will, however, constitute double jeopardy. As a general matter, double jeopardy usually does not bar a retrial when a defendant is convicted of an offense, but the conviction is set aside upon the defendant's own appeal. *United States* v. *Tateo,* 377 U.S. 463, 467–68, 84 S. Ct. 1587, 12 L. Ed. 2d 448 (1964); *United States* v. *Ball,* 163 U.S. 662, 672, 16 S. Ct. 1192, 41 L. Ed. 300 (1896); 3 W. LaFave & J. Israel, Criminal Procedure (1983) § 24.4, pp. 85–87; 1 F. Wharton, Criminal Law (14th Ed. 1978, J. Torcia) § 363, pp. 332–34. A defendant cannot himself request that his conviction be set aside and then rely on that overturned conviction to bar a new trial. See 1 J. Bishop, Criminal Law (9th Ed. 1923) § 1003, p. 743. Two overlapping theories advanced in support of this rule are, first, that the defendant, by successfully appealing his conviction, waives any double jeopardy objection to a retrial; see *Trono* v. *United States,* 199 U.S. 521, 530–31, 533, 26 S. Ct. 121, 50 L. Ed. 292 (1905); and, second, that jeopardy continues through the appeal and into the subsequent retrial. See

---

[7] The United States Supreme Court noted that "[a]n exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown* v. *Ohio,* 432 U.S. 161, 169 n.7, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).

*Price* v. *Georgia,* 398 U.S. 323, 326, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970); *Kepner* v. *United States,* 195 U.S. 100, 134–35, 24 S. Ct. 797, 49 L. Ed. 114 (1904) (Holmes, J., dissenting); see also *Green* v. *United States,* 355 U.S. 184, 189, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957); 3 W. LaFave & J. Israel, supra, § 24.4. These theories, known as "waiver" and "continuing jeopardy," enable the state to retry a defendant who has appealed and has had a felony murder conviction set aside, even though a conviction for the predicate offense remains intact.

## II

The defendant claims that to allow the state to try him for felony murder would constitute a successive prosecution in violation of his right against double jeopardy. His claim is founded upon the fact that he was convicted at his initial trial of burglary in the first degree, a conviction whose validity he has never challenged. This conviction, he contends, constitutes his first completed prosecution. Because we concluded in *Boyd I* that the trial court, in his initial prosecution, was without personal jurisdiction to try him for felony murder, he contends that it is as though he had never been tried, and, consequently, never placed in jeopardy, for that offense. From this premise, he asserts that to prosecute him now for felony murder would constitute a distinct, separate prosecution for the "same offense."

To counter the fact that it was his own appeal that caused his murder conviction to be set aside, the defendant further contends that neither the doctrine of waiver nor that of continuing jeopardy applies. Unless there was jeopardy in the first instance, he maintains that there was no jeopardy to "continue" or to waive. The crucial question, therefore, is whether the defendant is correct that lack of personal jurisdiction arising out

of a defective probable cause hearing prevented jeopardy from attaching to the felony murder charge in his initial prosecution.

To buttress his contention that jeopardy never attached, the defendant relies upon federal and state cases that stand for the proposition that an accused has not been put in jeopardy in the absence of jurisdiction. See, e.g., *United States* v. *Ball,* supra, 669 ("An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence."); *Grafton* v. *United States,* 206 U.S. 333, 345, 27 S. Ct. 749, 51 L. Ed. 1084 (1907) ("We assume as indisputable, on principle and authority, that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged."); *Serfass* v. *United States,* 420 U.S. 377, 391–92, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975) ("[Jeopardy] does not come into play until a proceeding begins before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.' . . . Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." [Citations omitted.]); *State* v. *Fox,* 83 Conn. 286, 295, 76 A. 302 (1910) (court lacked "jurisdiction . . . to render a judgment acquitting the defendants"; thus, former acquittal not bar to subsequent prosecution for same offense); *State* v. *Benham,* 7 Conn. 414, 418–19 (1829) ("an acquittal or conviction, by a court having jurisdiction, on a sufficient indictment or information, is, in all cases whatsoever, a bar" to subsequent prosecution); *State* v. *Ferrand,* 1 Root 446 (1792) (conviction for theft before a court lacking jurisdiction no bar to subsequent charge for same offense).

The nature of the connection between lack of jurisdiction and the attachment of jeopardy depends, despite the broad language of some of the opinions, on the particular jurisdictional defect that is at issue. As the commentators have aptly noted, "[jurisdiction] apparently does not refer to jurisdiction in the broadest sense of the word." 3 W. LaFave & J. Israel, supra, § 24.1, p. 65; see also *United States* v. *Sabella,* 272 F.2d 206, 209 (2d Cir. 1959) (In discussing whether jeopardy attached where trial court lacked "jurisdiction," the court stated "[a]s has often been pointed out, the legal lexicon knows no word more chameleon-like than 'jurisdiction.' "); *Block* v. *State,* 286 Md. 266, 270, 407 A.2d 320 (1979) ("[I]t is clear from *Grafton* [v. *United States,* supra,] and from many other cases, that the 'jurisdiction' of the court for purposes of this principle of double jeopardy law means jurisdiction in the most basic sense. It does not mean that an error in the exercise of jurisdiction permits judicial proceedings to be treated as a nullity.").

In a case closely analogous to the issue raised by the present appeal, the Supreme Court of the United States has concluded that lack of jurisdiction arising out of a defective indictment does not prevent jeopardy from attaching. In *Illinois* v. *Somerville,* 410 U.S. 458, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973), the court allowed a defendant to be retried, on a theory of manifest necessity consistent with the idea of continuing jeopardy,[8] even though a defective indictment prompting a mistrial had deprived the trial court of "jurisdiction" under

---

[8] When a mistrial is declared due to circumstances that make completion of the trial impossible or impractical, a new trial does not constitute double jeopardy if the mistrial was necessitated by "manifest necessity." 3 W. LaFave & J. Israel, Criminal Procedure (1984) § 24.2 (b), pp. 70–76; see also *State* v. *Buell,* 221 Conn. 407, 414–15, 605 A.2d 539 (1992); *State* v. *Van Sant,* 198 Conn. 369, 384, 503 A.2d 557 (1986).

state law.[9] Id., 460–61. Correlatively, in *United States* v. *Ball,* supra, 671, the United States Supreme Court held that jeopardy had attached so as to bar the retrial of a defendant who had been acquitted, even though a defective indictment had led to the reversal on appeal of the convictions of his codefendants. The court reasoned that a defective indictment does not prevent jeopardy from attaching because it renders a judgment of conviction voidable rather than void.[10] Similarly, in *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969), the United States Supreme Court held that jeopardy had attached to the offense for which the defendant had been acquitted despite an invalid indictment. Once again, the court reasoned that the defect at issue rendered a judgment voidable rather than void.

For double jeopardy purposes, jurisdictional defects that implicate subject matter jurisdiction have different consequences from defects such as defective indict-

---

[9] The court noted that "[t]he combined operation of [the] rules of Illinois procedure and substantive law meant that the defect in the indictment was 'jurisdictional'; it could not be waived by the defendant's failure to object, and could be asserted on appeal in a post-conviction proceeding to overturn a final judgment of conviction." *Illinois* v. *Somerville,* 410 U.S. 458, 460, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973).

[10] At common law, jeopardy was deemed not to have attached upon a defective indictment *or* when the court lacked jurisdiction. See 1 F. Wharton, Criminal Law (12th Ed. 1932, J. Ruppenthal) § 397, p. 560; 1 J. Bishop, Criminal Law (9th Ed. 1923) §§ 1020–1021, pp. 754–55. The United States Supreme Court in *United States* v. *Ball,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896), departed from the common law and ruled that a defective indictment did not prevent jeopardy from attaching. In *Ball* v. *United States,* 140 U.S. 118, 11 S. Ct. 761 (1891), the case in which the United States Supreme Court reversed the judgments of the convicted defendants, the court characterized the indictment as "fatally defective" because it "was necessary that it should appear that the death transpired within a year and a day after the stroke, and the place of death equally with that of the stroke had to be stated, *to show jurisdiction in the court.*" (Emphasis added.) Id., 133. Although the court appeared to treat the defect as "jurisdictional" in the first *Ball* case, it did not do so in the second case.

ments or invalid probable cause hearings that merely implicate personal jurisdiction. In *State* v. *Fox,* supra, the defendants were prosecuted for receiving stolen goods and were acquitted. The defendants were subsequently arrested upon an information charging them with theft arising from the same occurrence. Under statute, they could be charged with theft as principals or as receivers. A conviction or acquittal upon one barred a prosecution charging them with the other. The defendants appealed and this court concluded that the city court in which the defendants were initially tried had lacked subject matter jurisdiction. Consequently, despite the defendants' acquittal on charges of receiving stolen goods, the state was entitled to prosecute the defendants for theft. Id., 295; see generally *Cox* v. *State,* 412 So. 2d 354 (Fla. 1982) (trial court's acceptance of a guilty plea was a nullity without consent of prosecuting attorney; thus, further prosecution for same offense not precluded); *People* v. *Pankey,* 94 Ill. 2d 12, 445 N.E.2d 284 (1983) (where no formal charges had been brought by state's attorney, trial court's acceptance of guilty plea was a nullity and did not bar prosecution for the same offense); *Powers* v. *State,* 70 Md. App. 44, 519 A.2d 1320 (1987) (where district court divested of jurisdiction over reckless driving charge, conviction in district court was a nullity and further prosecution was permissible); *State* v. *Covington,* 267 N.C. 292, 148 S.E.2d 138 (1966) (superior court lacked jurisdiction over the offense of unlawful taking of an automobile; thus, defendant's conviction was a nullity and state not precluded from retrying defendants in court having jurisdiction). The defendants in *Cox, Pankey* and *Powers* did not appeal their convictions. Nevertheless, in these instances, a subsequent prosecution for the same offense was not barred by the double jeopardy clause because the judgment rendered was absolutely void and of no effect. See also *Block* v. *State,*

supra, 274 ("[A]s long as the court rendering a . . . verdict has *jurisdiction over the offense,* the verdict is a bar to further criminal proceedings on the same charge." [Emphasis added.]).

On the basis of these federal and state precedents, we conclude that jeopardy attaches in criminal proceedings when a criminal defendant has properly been brought before a court that has subject matter jurisdiction to conduct his trial, even though an invalid probable cause hearing thereafter deprived the court of the power to continue with his trial. Since *State* v. *Mitchell,* supra, we have characterized the consequence of a defective probable cause hearing as an impairment of personal jurisdiction, not subject matter jurisdiction. *State* v. *John,* 210 Conn. 652, 665 n.8, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); *State* v. *McPhail,* supra, 170; *Boyd I,* supra, 141. That characterization is consistent with the implicit understanding in *Mitchell* that the remedy for a defective probable cause hearing is not an acquittal but a new probable cause hearing and a new trial. Accordingly, the remand in *Boyd I* did not direct the trial court to render a judgment of acquittal but ordered it to conduct "further proceedings." *Boyd I,* supra, 142. The reversal of the defendant's conviction because of deficiencies in his probable cause hearing, like the reversal because of a defective indictment that resulted in a lack of personal jurisdiction in *Illinois* v. *Somerville,* supra, did not prevent the attachment of jeopardy.

Our decision that jeopardy attaches when a criminal conviction is set aside on appeal because of an invalid probable cause hearing is consistent with fundamental double jeopardy principles. Although in this case the attachment of jeopardy allows the defendant to be retried, in the case of an accused who has been acquitted, or has not appealed, the attachment of jeopardy protects him from further prosecution. This is the core

value that the double jeopardy clause seeks to protect. "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green* v. *United States,* supra, 187–88.

The decision of the trial court is affirmed and the case is remanded for further proceedings.

In this opinion the other justices concurred.