[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MAY 11, 1995
The limited facts contained in the relevant pleadings are as follows. The defendant, Helen Clavette, was arrested for violating General Statutes § 14-227a, operating a motor vehicle while under the influence of alcohol. Pursuant to General Statutes §§ 14-227b(c), (d) (h), the defendant's motor CT Page 5948 vehicle operator license ("license") was suspended for a possible two years and thirty-one days, and the defendant was issued a temporary license valid for thirty days, commencing twenty-four hours following her arrest.[1] Pursuant to § 14-227b(d), the defendant requested a hearing for the purpose of contesting the additional suspension of her license imposed by the commissioner of motor vehicles. The defendant was unsuccessful at that hearing, and her license was additionally suspended.
The state subsequently initiated criminal proceedings against the defendant for a violation of § 14-227a. The defendant has moved to dismiss the criminal prosecution based on double jeopardy grounds. Memoranda of law have been submitted to the court by the parties. A hearing on the motion was held before the court on April 11, 1995.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914, 922 (1991), quoting Baskin'sAppeal from Probate, 194 Conn. 635, 640,484 A.2d 934 (1984). "Regardless of the phraseology in the nature of a conclusion employed by the pleader, if the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upsonv. State, supra, 190 Conn. 626.
The defendant argues that the criminal prosecution against her for a violation of § 14-227a violates the double jeopardy clause of the United States Constitution.
 The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S Const., amend. V. This constitutional guarantee is applicable to the states through the due CT Page 5949 process clause of the fourteenth amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 707 (1969). In addition, although the Connecticut constitution does not include a specific double jeopardy provision, this court "has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the same offense." State v. Langley, 156 Conn. 598, 600-01, 244 A.2d 366 (1968), cert. denied, 393 U.S. 1069, 89 S.Ct. 726, 21 L.Ed 712
(1969). Therefore, the due process guarantees provided by article first, § 9 of the Connecticut constitution have been held to encompass the protection against double Jeopardy . . .
 The United States Supreme Court has explained that the guarantees of the double jeopardy clause are three-fold: [1] It protects against a second prosecution for the same offense after acquittal. [2] It protects against a second prosecution for the same offense after conviction. [3] And it protects against multiple punishments for the same offense . . .
(Citations omitted; internal quotation marks omitted.)State v. Boyd, 221 Conn. 685, 689-90, 607 A.2d 376, cert. denied, 113 S.Ct. 344, 121 L.Ed.2d 259 (1992).
The defendant seeks the third protection provided by the double jeopardy clause, i.e., the protection against multiple punishments for the same offense. The defendant argues that license forfeiture constitutes a punishment. (Memorandum in Support, p. 3.) The defendant relies on the United States Supreme Court case of United States v. Halper, 490 U.S. 435,109 S.Ct. 1892, 104 L.Ed.2d 487 (1987), for this position. The Halper Court stated,
 a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment . . . These goals are familiar. We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence . . . Furthermore retribution and deterrence are not legitimate nonpunitive governmental objectives . . . From these CT Page 5950 premises it follows that a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either a retributive or deterrent purpose, is punishment, as we have come to understand the term.
(Citations omitted; internal quotation marks omitted.)Id., 448.
The defendant further argues that the recent United States Supreme Court decision in Department of Revenueof Montana v. Kurth Ranch, 114 S.Ct. 1937
(1994), requires a finding that § 14-227b is punitive in nature. In Kurth Ranch, the United States Supreme Court found that Montana's Dangerous Drug Tax Act constituted punishment under double jeopardy analysis. The Court in Kurth Ranch stated,
 [w]e begin by noting that neither a high rate of taxation nor an obvious deterrent purpose automatically marks this tax a form of punishment . . .
 Other unusual features, however, set the Montana Statute apart from most taxes. First, this so-called tax is conditioned on the commission of a crime . . . In this case, the tax assessment not only hinges on the commission of a crime, it also is exacted only after the taxpayer has been arrested for the precise conduct that gives rise to the tax obligation in the first place . . .
 The Montana tax is exceptional for an additional reason. Although it purports to be a property tax — that is, a tax on the possession and storage of dangerous drugs, . . . it is levied on goods that the taxpayer neither owns nor possesses when the tax is imposed. Indeed, the state presumably destroyed
the contraband goods in this case before the tax on them was assessed. If a statute that amounts to a confiscation of property is unconstitutional, . . . a tax on previously confiscated goods is at least questionable. A tax on "possession" of goods that no longer exist and that the taxpayer never lawfully possessed has an unmistakable punitive character. This tax, imposed on criminals and no others, CT Page 5951 departs so far from normal revenue laws to become a form of punishment.
 Taken as a whole, this drug tax is a concoction of anomalies, too far-removed in crucial respects from a standard tax assessment to escape characterization as punishment for the purpose of Double Jeopardy analysis.
(Citations omitted; emphasis in original.) Id.,114 S.Ct 1946-48.
The appellate court of this state, however, has previously addressed whether, in fact, § 14-227b is punitive. In State v. Washburn, 34 Conn. App. 557,642 A.2d 70, cert. denied, 230 Conn. 912, 645 A.2d 1017
(1994), the appellate court stated,
 General Statutes § 14-227b does not impose a punishment in the historical sense, it can reasonably be said to further nonpunitive legislative purposes, and the legislative record does not evince an intent to punish. License revocation, pursuant to § 14-227b, is administrative rather than criminal in nature.
Id., 564, citing Marshall v. DelPonte, 27 Conn. App. 346,351, 606 A.2d 716 (1992).
Unless and until the ruling in Washburn is reversed or overruled by a court having authority over this court, this court is required to find that § 14-227b is not punitive in nature; State v. Goodman,35 Conn. App. 438, 442, 646 A.2d 879 (1994); Stepler v.Zelich, Superior Court, JD of New Haven at New Haven, DN 326980 (January 30, 1995) (Zoarski, J.), and, therefore, double jeopardy does not prevent the defendant from being prosecuted for a violation of § 14-227a.
The state argues that, pursuant to the doctrine of collateral estoppel, the administrative proceeding which resulted in the defendant's license suspension "was not a full and complete determination of all of the legal issues that are involved in a criminal prosecution." (Memorandum in Opposition, p. 2.) Because the CT Page 5952 court finds that § 14-227b is not punitive in nature based on the decision in Washburn, this argument by the state need not be considered at this time.
Accordingly, as General Statutes § 14-227b is not punitive in nature, the constitutional protection of double jeopardy does not prevent the defendant from being prosecuted for a violation of General Statutes § 14-227a, and, therefore, the defendant's motion to dismiss should be denied. See also State v. Parentau,
Superior Court, JD of Windham, DN 177550 (February 25, 1995) (Dooley, J.); but see State v. Hickam,
Superior Court, JD of New London, DN 618025,13 CONN. L. RPTR. No. 18, 571 (sub nom State v. WendyH.) (April 20, 1995) (McMahon, J.).