[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
Defendant and co-defendant Robin Ledbetter were arrested on charges relating to the death of taxi driver Cohn Williams on February 24, 1996. At the time of his arrest, the defendant gave a statement implicating himself in the robbery/attempted robbery of the victim which resulted in his death. Evidence began on November 13, 1998 before a jury of twelve on a four count information charging Felony Murder (53a-54c), Robbery in the First Degree (53a-134 (a)(3) ), Attempted Robbery in the First Degree (53a-49 (a)(2)) and 53a-134 (a)(3)), and Conspiracy to Commit Robbery in the First Degree (53a-48 (a) and 53a-134 (a) (3)). Apparently, the trial court (McMahon) instructed the jury in the alternative, i.e., that they could only find the defendant guilty of either Attempted Robbery or Robbery, but not both. The court also instructed the jury that either robbery or attempted robbery would be sufficient as the underlying felony necessary for Felony Murder, although the jurors did not have to be unanimous as to which was proven. The jury found the defendant guilty of Attempted Robbery in the First Degree and Conspiracy to CT Page 2686 Commit Robbery in the First Degree. The defendant was acquitted of Robbery in the First Degree and the jury could not reach a verdict on the Felony Murder. A mistrial was declared on the Felony Murder and the state now seeks to retry the defendant on that count. The defense argues that a retrial is barred by double jeopardy and the doctrine of collateral estoppel.
I. DOUBLE JEOPARDY
The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Although the Connecticut Constitution does not include a specific double jeopardy provision, the due process guarantees provided by Article First, Sec. 9 of the Connecticut Constitution have been held to encompass the protection against double jeopardy. Statev. Lonergan, 213 Conn. 74 (1989). The guarantees of the double jeopardy are that it (1) protects against a second prosecution for the same offense after acquittal; (2) protects against a second prosecution for the same offense after conviction; and (3) protects against multiple punishments for the same offense. NorthCarolina v. Pearce, 395 U.S. 711 (1969)
Ordinarily, it would violate the principles of double jeopardy to try a defendant for a predicate offense and then in a successive prosecution, try him for felony murder. However, not all successive prosecutions for the same offense constitutes double jeopardy. Clearly double jeopardy does not bar a retrial when a defendant is convicted of an offense, but the conviction is set aside upon the defendant's own appeal. The defendant has waived any double jeopardy objection to a retrial in such an instance, and jeopardy continues through the appeal into the subsequent retrial. State v. Boyd, 221 Conn. 685 (1992). Also, a jury's inability to reach a verdict constitutes a manifest necessity which does not terminate jeopardy. State v. James,247 Conn. 662, 673-674 (1999). "It is well established that retrial following a jury deadlocked does not violate the constitutional provision against double jeopardy." State v. Aparo,223 Conn. 384, 388 (1992), habeas corpus granted on other grounds, Aparo v.Superior Court, 956 F. Sup. 188 (D. Conn. 1996). Jeopardy attaches at the first trial on any count that a jury is unable to reach a verdict and it continues through the retrial.
Our Supreme Court found in favor of the state on both double jeopardy and collateral estoppel claims on a very similar set of CT Page 2687 facts. In State v. James, 247 Conn. 662 (1999), the defendant was convicted of robbery in the first degree and a mistrial was declared as to two counts of assault in the first degree and one count of accessory to felony murder because of a deadlocked jury. An appeal followed the trial court's denial of a motion to dismiss the unresolved counts on double jeopardy grounds. The court noted that in State v. Greco, 216 Conn. 282 91990), it held that robbery and felony murder based on the robbery are the same offense for double jeopardy purposes. However, Greco held that a defendant may be tried simultaneously for those charges and punished cumulatively. The defendant in James argued that since he was convicted and sentenced for the robbery, which is a lesser included crime of the felony murder, a retrial for felony murder would constitute a successive prosecution for the same offense and thus violate double jeopardy. The Supreme Court concluded that the mistrial did not terminate jeopardy as to the felony murder count. It was similar to Boyd where the court held that where there is a conviction of a lesser included predicate offense and continuing jeopardy for the felony murder, double jeopardy would not prevent a retrial of the felony murder count. A mistrial on one count and a sentencing on another which is a lesser included, does not terminate jeopardy — it is the case of continuing prosecution, not a successive one.
In a retrial of the felony murder count, the state will be permitted to prove that the defendant committed an attempted robbery as the predicate felony. Attempted robbery is not a separate count, but merely an element of the felony murder. Rehearing similar evidence is not the same as being tried again for the same offense. Pursuant to James, that does not violate double jeopardy. The only difference between James and the case at hand, is that the jury in this case acquitted the defendant of a count, namely, Robbery in the First Degree. However, clearly the state is not attempting to retry the defendant on that count, nor will the state be allowed to claim a completed robbery as the predicate offense on the felony murder count.
II. COLLATERAL ESTOPPEL
Collateral estoppel is given constitutional dimensions by the double jeopardy clause. It exists when an issue of ultimate fact has already been determined by a valid and final judgment and thus that issue cannot again be litigated between the parties.Ashe v. Swenson, 397 U.S. 436 (1970). "Courts that have considered the issue have held with virtual unanimity that CT Page 2688 collateral estoppel bars the state from relitigating a question of fact that was determined in the defendant's favor by a partial verdict." (Emphasis added) State v. Aparo, supra, 391-392.
The defendant claims that the doctrine of collateral estoppel prevents the state from retrying him on the charge of felony murder because he was acquitted of the robbery in the first degree. The state concedes that it may not use this charge as the predicate offense for felony murder in the retrial. Collateral estoppel would prevent the use of the robbery in first degree which was decided in the defendant's favor. However, collateral estoppel does not prevent the state from introducing evidence of the attempted robbery in the first degree which count was decided against the defendant. As stated in State v. James, supra, p. 676:
 "What the defendant is advocating here is that in the continuing prosecution of felony murder in cases of this nature, the state should be bared from using the facts that were decided in its favor in the original trial to continue to prosecute on the remaining counts. The defendant's suggested approach transforms a mistrial into an automatic acquittal in cases of this nature, and thus runs contrary to the very idea of continuing prosecution. Such a result would be an unreasonable extension of the collateral estoppel doctrine. We conclude, therefore, that the defendant may not seek refuge from retrial under the doctrine of collateral estoppel because he was found guilty and convicted of robbery in the original trial."
Clearly, based on James, the conviction of attempted robbery does not collaterally estop the state from proceeding at a retrial on the count of felony murder. What distinguishes this case from James is that the jury convicted the defendant of attempted robbery and acquitted him of robbery. Attempted Robbery in the First Degree is probably a lesser included offense of Robbery in the First Degree. Both were charged in the information along with the felony murder. Based on the evidence presented to the jury, they could have had a reasonable doubt as to whether or not a robbery was actually completed. Obviously the evidence presented by the state to attempt to prove the robbery in the first degree was some of the same evidence introduced which led to the conviction of the attempted robbery count. The state should, however, not be collaterally estopped from presenting evidence which led to a decision in it's favor. CT Page 2689
For all the foregoing reasons, the defendant's motion to dismiss is denied.
Patrick J. Clifford, Judge.