STATE OF CONNECTICUT *v.* ELISER SALGADO
(SC 16293)

Borden, Katz, Palmer, Vertefeuille and Flynn, Js.

Argued October 24, 2000—officially released August 14, 2001

*Michael O. Sheehan*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Kevin Murphy*, assistant state's attorney, for the appellee (state).

*Opinion*

VERTEFEUILLE, J. The defendant, Eliser Salgado, appeals[1] from a judgment of conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1).[2] The principal issue in this case is whether, where the state has charged the defendant with two offenses in two separate counts of the information, the second of which is a lesser included offense of the first, the trial court properly directed the jury to deliberate on the second count after: (1) the jury had reported that it could not reach a unanimous verdict on the first count; and (2) the trial court had declared a mistrial on the first count. The defendant raises two claims on

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[2] General Statutes § 53a-55 (a) provides in relevant part: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

appeal. First, he contends that after the jury could not reach a unanimous verdict on the charge of murder and the trial court had declared a mistrial on that count, the trial court improperly directed the jury to deliberate on the charge of manslaughter in the first degree, a lesser included offense of murder, instead of declaring a mistrial as to that count as well. The defendant's second claim is that the trial court improperly refused to instruct the jury to consider whether he had shot the victim in self-defense. We conclude that, in accordance with our decision in *State* v. *Sawyer*, 227 Conn. 566, 630 A.2d 1064 (1993), the trial court should have declared a mistrial on the lesser included manslaughter charge when the jury could not reach a unanimous verdict on the murder charge, even though the state had charged the defendant with both the greater and the lesser included offenses in separate counts of the information. We therefore reverse the judgment of the trial court and remand the case for a new trial.[3]

The jury reasonably could have found the following facts. On January 17, 1988, the victim, Isidro Torres, and his friend, Roberto Torres, walked up to the third floor porch of 429 Garden Street in Hartford to purchase heroin from the defendant. The defendant came outside onto the porch and exchanged four bags of heroin for money from the victim. After the defendant counted the money, he demanded that the victim hand back the heroin because the money was insufficient to purchase the amount of heroin that the victim had requested. The victim then grabbed the money from the defendant and stated that he was going to take both the money and the heroin.

A struggle ensued between the defendant and the other two men. The defendant went inside the apart-

---

[3] In light of our conclusion that the judgment must be reversed and a new trial held, we do not reach the merits of the defendant's second claim.

ment and returned with a gun. As Roberto Torres and the victim fled down the stairs, the defendant shot the victim once in the right arm. The victim later died as a result of the gunshot wound.

The state filed an information charging the defendant with one count of murder in violation of General Statutes § 53a-54a,[4] and one count of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). After a trial and a period of deliberations, the jury reported that it was deadlocked as to the murder count. The trial court then declared a mistrial on that count and instructed the jury to deliberate on the manslaughter count. The jury soon thereafter returned a guilty verdict on that count.

The defendant claims that the trial court improperly instructed the jury to deliberate on the manslaughter charge after the jury reported that it was deadlocked on the murder charge. Specifically, the defendant argues that, pursuant to *State* v. *Sawyer*, supra, 227 Conn. 566, the trial court was required to declare a mistrial on the manslaughter count once it had declared a mistrial on the murder count, despite the fact that the state had charged the defendant in the information separately with both murder and manslaughter in the first degree, a lesser included offense of murder. We agree.

The following additional procedural history is relevant to this claim. Prior to the start of deliberations, the trial court instructed the jury on the elements of both of the charges against the defendant. The trial court further instructed the jury to begin deliberating on the murder charge and to proceed to the manslaughter

---

[4] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

charge only if it unanimously found the defendant not guilty of murder.[5]

During deliberations on the murder count, the jury sent the trial court a note that stated: "Please be advised that the probability is high that we will not be able to reach a verdict on the first count." Based on the length of deliberations at that point,[6] as well as the jury's two requests for a rereading of the testimony of Roberto Torres, the trial court believed that the jury was "hopelessly deadlocked" on the murder count, and that a "Chip Smith" instruction[7] would not assist the jury in breaking it. After discussion with counsel, the trial court declared a mistrial on the murder count[8] but decided that it would allow the jury to deliberate on the manslaughter count.

The defendant then moved for a mistrial on both counts because the court previously had instructed the jury to consider manslaughter in the first degree as a lesser included offense of murder. The defendant

---

[5] After the trial court gave its instructions to the jury, the defendant took an exception. The defendant requested that the trial court instruct the jury to consider the counts of murder and manslaughter simultaneously, or to consider the counts in any order the jury chose, since the state had charged the defendant with the offenses separately in the information. The defendant argued that, because the state had charged the defendant with murder and manslaughter separately, the jury should not consider manslaughter as a lesser included offense of murder in this instance. The state responded that it never intended for manslaughter to be considered as an alternative to murder. The trial court noted the defendant's exception, but declined to instruct the jury in the manner requested by the defendant.

[6] The jury had deliberated for three full days, taken one week off, and resumed deliberating on a fourth day before it sent the trial court the note.

[7] "A Chip Smith instruction reminds the jurors that they must act unanimously, while also encouraging a deadlocked jury to reach unanimity. See *State* v. *Smith*, 49 Conn. 376 (1881); see also 5 Connecticut Practice, D. Borden & L. Orland, Connecticut Criminal Jury Instructions (1986) § 4.8." (Internal quotation marks omitted.) *State* v. *Tomasko*, 242 Conn. 505, 508 n.6, 700 A.2d 28 (1997).

[8] Neither the state nor the defendant claims that the trial court improperly viewed the jury's note as an indication that it was deadlocked.

reminded the trial court of his earlier request that the court instruct the jury to consider the manslaughter count as an alternative to the murder count. See footnote 5 of this opinion. He acknowledged that the trial court's curative instruction would essentially give him the instruction that he originally had wanted, but argued that it was now "too late." The defendant claimed that he would have approached the case differently had he known that the trial court ultimately was going to instruct the jury to consider manslaughter as an alternative to murder.

After denying the defendant's motion for a mistrial, the trial court instructed the jury to cease deliberating on the murder count and to begin deliberating on the manslaughter count. The jury soon returned with a unanimous verdict of guilty on the manslaughter count. The defendant then repeated his argument that the trial court should have declared a mistrial on both counts. The trial court again denied the defendant's motion for a mistrial.

Prior to sentencing, the defendant moved for a new trial. He argued that our decision in State v. Sawyer, supra, 227 Conn. 566, required the trial court to declare a mistrial on the lesser included charged offense of manslaughter when the jury could not reach a unanimous verdict on the greater charged offense of murder. The trial court disagreed, interpreting Sawyer as directing the trial court to instruct the jury that it must unanimously find the defendant not guilty on the greater, charged offense before it can deliberate on the lesser included offenses, but not requiring the trial court to declare a mistrial on both charges in the event the jury is deadlocked on the greater offense. The trial court therefore denied the defendant's motion for a new trial, and rendered a judgment of conviction of manslaughter in the first degree in accordance with the verdict. This appeal followed.

The defendant claims that our decision in *Sawyer* controls the outcome of this case. He argues that in *Sawyer* we held that the jury must deliberate thoroughly and reach a unanimous verdict on the greater offense of murder before considering any lesser charges. The jury's inability to reach a unanimous verdict on the murder count in this case, the defendant contends, required the trial court to declare a mistrial on both of the charged offenses pursuant to *Sawyer*. He claims that, regardless of how the state had charged the defendant in the information, a unanimous verdict of not guilty on the murder charge was a prerequisite for jury deliberations on the manslaughter charge.[9]

In response, the state claims that the present case presents a unique set of facts wherein two doctrines are intertwined: the acquittal first doctrine set forth in *Sawyer* and the doctrine that the state is entitled to a verdict on every count charged. The state argues that this case is governed by the latter doctrine, and that *Sawyer* applies only where the state has charged a defendant in a one count information for which lesser included offenses apply. The state, citing several cases, maintains that it has the ability to charge duplicitous counts that separately involve greater and lesser offenses, and is entitled to a verdict on each one.[10]

---

[9] In the alternative, the defendant argues that, because the trial court originally had instructed the jury as if the state had charged the defendant with only one count and that it had to reach a unanimous verdict on the murder charge before continuing to the lesser included charge, the trial court was bound to declare a mistrial on the manslaughter count under *Sawyer*. The defendant claims that the trial court "tainted" the verdict by reversing itself and instructing the jury to then consider the manslaughter count without reaching a unanimous verdict on the murder count. The defendant argues that, by subsequently changing its instruction, the trial court had sent the jury a message to continue deliberating until it reached a verdict. In view of our resolution of the defendant's primary claim, we need not reach his alternate argument.

[10] In response to the defendant's alternate argument, the state argues that the trial court cured any instructional error that it may have made, thereby removing this case from the province of the *Sawyer* doctrine. We, however, need not reach the state's alternate argument. See footnote 9 of this opinion.

In a case such as the present one, where the state has charged a defendant with both a greater offense and a lesser included offense in separate counts of an information, the state concedes that a defendant cannot be subjected to multiple punishments if a jury were to convict the defendant of both. See, e.g., *State* v. *Devino*, 195 Conn. 70, 73–75, 485 A.2d 1302 (1985) (prohibiting multiple punishments for same offense in single trial). The state maintains, however, that this ultimate sentencing result does not affect the state's discretion to charge the defendant with both offenses or its right to receive a verdict on both counts. The state claims that the trial court would have to combine the verdicts and vacate the sentence for manslaughter in the first degree if the jury were to render a guilty verdict on both the offenses charged in order to avoid a double jeopardy violation.[11]

We held in *State* v. *Sawyer*, supra, 227 Conn. 587, that the trial court was required to instruct the jury to reach a unanimous verdict on the charged offense before considering any lesser included offenses. In *Sawyer*, the state had charged the defendant with one count of murder. Id., 567. Before jury deliberations began, the defendant had asked the court to give a "reasonable efforts" instruction; id., 575; which would have allowed the jury to consider lesser included offenses of murder if it were unable to agree on the murder charge so long as it had made a reasonable effort to agree on that charge. Id., 569–70. The trial court disagreed and gave the jury an "acquittal first" instruction, which instructed the jury to consider man-

---

[11] Neither the state nor the defendant argues that the trial court's interpretation of *Sawyer*—namely, that a trial court is required only to instruct the jury to convict or acquit unanimously on the murder count but that it is not required to declare a mistrial on the lesser charge if the jury is deadlocked on the greater charge—is correct.

slaughter only if it first came to the unanimous decision that the state had failed to prove murder beyond a reasonable doubt. Id., 570.

During deliberations, the jury in *Sawyer* indicated to the court that it believed that it would not reach a unanimous verdict on the murder charge. Id., 572. The trial court informed counsel that it would declare a mistrial if the jury were unable to reach a verdict. Id. After an exchange with counsel, the trial court again instructed the jury on the necessity of reaching a unanimous verdict on the murder offense before it could consider the lesser included manslaughter offense. Id., 573–74. After further deliberations, the jury acquitted the defendant of the murder offense, but convicted him of manslaughter. Id., 574.

On appeal, we affirmed the trial court's judgment and held that the trial court properly had given an acquittal first instruction. Id., 587. The principal issue that was presented to us in *Sawyer*, whether a jury must unanimously acquit a defendant of the greater offense of murder before considering the lesser included offense of manslaughter; id., 567; is analogous to the issue before us today, with the only difference that here the state has charged the defendant with a greater offense and a lesser included offense in separate counts in the information. In *Sawyer*, we concluded that "[a]lthough the jury may initially be instructed concerning lesser included offenses, and may eventually turn to these lesser included offenses to reach a verdict, [the jury] should not be given an instruction that could encourage it to give the charged offense short shrift and to turn to lesser included offenses in order to reach a compromise verdict virtually at the outset of its deliberations. *Only after [the jury] has confronted and unanimously completed the difficult task of deciding the guilt or innocence of the accused as to the charged offense should the jury consider lesser included offenses.* Anything

less dilutes the right of the state and the defendant to have the jury give its undivided attention and most serious deliberations to the offense with which the defendant is charged and flies in the face of the unanimity requirement of [*State* v. *Aparo*, 223 Conn. 384, 614 A.2d 401 (1992), cert. denied, 507 U.S. 972, 113 S. Ct. 1414, 1415, 122 L. Ed. 2d 785 (1993)] and [*State* v. *Daniels*, 207 Conn. 374, 542 A.2d 306, after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989)]." (Emphasis added.) *State* v. *Sawyer*, supra, 227 Conn. 583; see *State* v. *Tate*, 256 Conn. 262, 280, 773 A.2d 308 (2001) ("[t]his approach makes Connecticut what is termed a 'hard transition' acquittal first jurisdiction").

We based our decision in *Sawyer*, in part, on the well settled doctrine "that a valid jury verdict in a criminal case must be unanimous." (Internal quotation marks omitted.) *State* v. *Sawyer*, supra, 227 Conn. 576; see, e.g., *State* v. *Daniels*, supra, 207 Conn. 388; see also Practice Book § 42-29. Acknowledging the possibility of jury disagreement that could result in a mistrial of the greater offense, we emphasized that the lesser included offense doctrine did not allow juries to consider offenses in any order and with whatever degree of dedication it chose. *State* v. *Sawyer*, supra, 576, 584–85. "A corequisite of a lesser-included-offense charge . . . is that there be a rational basis for an acquittal on the offense charged and a conviction on the included offense." (Internal quotation marks omitted.) Id., 576–77.

We further stated that the jury instruction given at the end of a trial is a question of law that cannot be determined "by deference to the wish of the defendant *or by a sporting theory of justice.*" (Emphasis added.) Id., 578. We categorically rejected the defendant's claim that he had the right to choose how the court must

instruct the jury with regard to resolving greater and lesser included offenses. Id. "A criminal trial is not a game of chance. Allowing the defendant to choose the transitional instruction and to gamble on its consequences slights the desirable goals of thorough deliberations and finality and neglects the state's interest in the resolution of the charges on which it presented the defendant. . . . Such an approach to transitional instructions is dictated more by expediency than by a commitment that justice be done to both the state and the defendant, and that the charges brought be thoroughly deliberated, considered and disposed of definitively." (Citation omitted.) Id.

Finally in *Sawyer*, we discussed the necessity of an acquittal first instruction in order to protect defendants from double jeopardy. Id., 586. Because this court has held that "[w]here a greater offense has been charged, conviction on a lesser offense is an acquittal on the greater"; *State* v. *Troynack*, 174 Conn. 89, 99, 384 A.2d 326 (1977); we also rejected the use of a reasonable efforts instruction because of its ambiguity with regard to whether a verdict of guilty on the lesser included offense operates as an acquittal on the greater offense for the purposes of the double jeopardy clause. *State* v. *Sawyer*, supra, 227 Conn. 586–87 ("in the absence of some form of special verdict, it would not be known whether the jury had unanimously agreed to acquit of the greater offense").

We agree with the trial court in the present case that *Sawyer* focused primarily on the trial court's jury instructions in order to promote careful deliberation of the charges before it and to avoid a compromise verdict. We conclude today, however, that *Sawyer* further mandates that a trial court declare a mistrial on a lesser included offense if the court has declared a mistrial on the greater offense because the jury could not reach a unanimous verdict on the greater offense. See *State* v.

*Abdalaziz*, 248 Conn. 430, 436, 729 A.2d 725 (1999) (stating acquittal on greater offense is "condition precedent" to deliberation of lesser included charges).

The principles that served to support our holding in *Sawyer* are equally applicable to the present case, wherein the state charged both a greater offense and a lesser included offense in separate counts of the information. We therefore conclude that the rule in *Sawyer* should be applied in cases such as the present one, wherein the defendant is charged in an information with both a greater offense and a lesser included offense. The jury's failure to agree unanimously in the present case on the greater offense of murder should have resulted in a mistrial on the lesser included offense of manslaughter as well.

The lesser included offense doctrine does not permit a jury to consider a greater, charged offense and a lesser included offense in any order and with whatever degree of dedication it chooses. *State* v. *Sawyer*, supra, 227 Conn. 576. The state has attempted to bypass this doctrine by charging the defendant with both murder and manslaughter in the first degree for the same offense as alternatives and asserting that it is entitled to a verdict on every offense charged.

The lesser included offense doctrine is more than a mere procedural guideline for trial courts to follow. At the heart of the doctrine are the unanimity requirement of our common law and the principle that trial courts should not encourage juries to render compromise verdicts. The premise underlying both is "that justice be done to both the state and the defendant, and that the charges brought be thoroughly deliberated, considered and disposed of definitively." Id., 578. Requiring the jury to deliberate thoroughly, and to consider and dispose of a greater offense before it deliberates on the lesser included offense is also consistent with the implicit

acquittal doctrine, that "[w]here a greater offense has been charged, conviction on a lesser offense is an acquittal on the greater." *State* v. *Troynack*, supra, 174 Conn. 99. To allow the jury to deliberate on both the murder and manslaughter counts as if they were alternate charges, in the absence of a special verdict form, would make it unclear whether a verdict of guilty on the manslaughter count constituted an acquittal on the murder count. "[A] defendant can be found guilty either of the greater offense or the lesser offense, but not both." *State* v. *Abdalaziz*, supra, 248 Conn. 435; see also *State* v. *Breton*, 235 Conn. 206, 215 n.9, 663 A.2d 1026 (1995); *State* v. *Bagley*, 35 Conn. App. 138, 150, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994) ("a unanimous determination of guilty [on a greater offense] precludes the jury from proceeding to any lesser included offense"). In light of the state's right to retry a defendant for an offense that resulted in a mistrial, permitting the jury to deliberate on both offenses "raises grave questions of public policy because of its implications for the doctrine of the implied acquittal in the context of the constitutional protection against double jeopardy." *State* v. *Sawyer*, supra, 227 Conn. 586. We conclude that the state should be prohibited from circumventing *Sawyer* by charging the defendant with the greater and the lesser included offenses separately in the information. Although prosecutors enjoy broad discretion in deciding what offenses to charge, that discretion is not unlimited. See *State* v. *Angel C.*, 245 Conn. 93, 116 n.26, 715 A.2d 652 (1998); *State* v. *Kinchen*, 243 Conn. 690, 701 n.11, 707 A.2d 1255 (1998); *State* v. *Webb*, 238 Conn. 389, 518 n.81, 680 A.2d

147 (1996); *State* v. *Corchado*, 200 Conn. 453, 460, 512 A.2d 183 (1986); *State* v. *McKenna*, 188 Conn. 671, 680, 453 A.2d 435 (1982).

We concluded in *Sawyer* that it would be inappropriate to permit the defendant to control the jury instruction concerning lesser included offenses. *State* v. *Sawyer*, supra, 227 Conn. 578. Likewise, a prosecutor should not be able to control the jury instruction to be given at the conclusion of a trial through the use of his or her discretion in deciding which offenses to charge or the manner in which to charge them. "The jury instruction . . . is a question of law that cannot be resolved . . . by a sporting theory of justice. . . . It is . . . *the duty of the court* to structure the jurors' deliberations in a manner that permits them to perform in an orderly fashion their fact-finding function in relation to the charged crime and any lesser included offenses." (Citations omitted; emphasis added.) Id., 578–79.

Accordingly, we hold that where the state has charged the defendant with two offenses, one of which is a lesser included offense of the other, and the jury is unable to reach a unanimous verdict on the greater offense charged, the trial court must declare a mistrial as to both the greater and the lesser included offenses. The trial court improperly allowed the jury to deliberate on the charge of manslaughter in the first degree after declaring a mistrial on the greater charge of murder. Accordingly, we reverse the judgment of conviction on

the manslaughter charge and remand the case to the trial court for a new trial.[12] See *State* v. *Colton*, 234 Conn. 683, 699, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996); *State* v. *Aillon*, 182 Conn. 124, 128 n.3, 438 A.2d 30 (1980), cert. denied, 449 U.S. 1090, 101 S. Ct. 883, 66 L. Ed. 2d 817 (1981); see also *Burks* v. *United States*, 437 U.S. 1, 14–15, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *Forman* v. *United States*, 361 U.S. 416, 425–26, 80 S. Ct. 481, 4 L. Ed. 2d 412 (1960).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other justices concurred.

---

[12] We note that "[t]he principle that [the double jeopardy clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an *error in the proceedings* leading to conviction is a well-established part of our constitutional jurisprudence." (Emphasis in original; internal quotation marks omitted.) *Burks* v. *United States*, 437 U.S. 1, 14, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978). "[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect . . . . When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." Id., 15. Therefore, the state is not precluded from retrying the defendant on the lesser included offense of manslaughter. Additionally, we also note that the state is not precluded from retrying the defendant on the greater offense of murder. See *State* v. *Sawyer*, supra, 227 Conn. 587; *State* v. *Boyd*, 221 Conn. 685, 691–92, 607 A.2d 376, cert. denied, 506 U.S. 923, 113 S. Ct. 344, 121 L. Ed. 2d 259 (1992).